Case: 1:25-cv-04139 Document #: 56 Filed: 08/13/25 Page 1 of 4 PageID #:181
Case MDL No. 3152   Document 103   Filed 08/13/25   Page 1 of 4

Presiding Judge: Sara L. Ellis
Magistrate Judge: Gabriel A. Fuentes
Filed: 08/13/2025
Lead case Number: 25-cv-3487
PH

FILED
8/13/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
PH

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CONSTRUCTION EQUIPMENT RENTAL
ANTITRUST LITIGATION                                    MDL No. 3152

**TRANSFER ORDER**

**Before the Panel**:[*] There are two motions under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation. The first motion is brought by plaintiff in the Central District of California *In re: Construction Equipment* action listed on Schedule A, seeking centralization in the Central District of California. The second motion is brought by plaintiff in the Northern District of Illinois *In re: Construction Equipment* action listed on Schedule A, seeking centralization in the Northern District of Illinois. Both motions seek centralization of the same eight actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of eleven potentially-related actions pending in three districts.[1]

All responding parties support centralization but differ as to the proposed transferee forum. Plaintiffs in the Central District of California *Haxton Masonry* action and the Central District of California *Dwight Roberts Construction* potential tag-along action support the motion to centralize in the Central District of California. At oral argument, the California movants' counsel stated that counsel for plaintiffs in two additional cases stated that they also support centralization in the Central District of California. Plaintiffs in the Northern District of Illinois *IPCS* and *IZQ* actions and the Northern District of Illinois *2nd Gen Plumbing* potential tag-along action support centralization in the Northern District of Illinois. Plaintiffs in the Northern District of Illinois *Immediate Appliance*, *Kris Swanson*, and *IZQ* actions and five potential tag-along actions suggest centralization in the District of Connecticut, in the first instance or in the alternative. Defendants[2] support centralization in the Northern District of Illinois.

---

[*]   Judge David C. Norton did not participate in the decision of this matter.

[1]   These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]   United Rentals, Inc. and United Rentals (North America), Inc. (together, United Rentals); Sunbelt Rentals, Inc. (Sunbelt); Herc Rentals Inc. and Herc Holdings Inc. (together, Herc Rentals); H&E Equipment Services, Inc. (H&E); Sunstate Equipment Co., LLC (Sunstate); The Home Depot, Inc. and The Home Depot U.S.A., Inc. (Home Depot); Equipmentshare.com Inc. (EquipmentShare); and RB Global, Inc. (RB Global), Rouse Services LLC, and Rouse Analytics LLC (together, Rouse).

- 2 -

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from an alleged price-fixing conspiracy in the construction equipment rental industry. All plaintiffs allege that the rental company defendants engaged in price signaling and exchanges of detailed, accurate, non-public, competitively sensitive information, including supply and utilization strategies with one another. They all allege that the information exchange occurred through the Rouse defendants. According to plaintiffs, Rouse offers an analytic platform and algorithmic pricing tool that uses the rental company defendants' non-public data to generate a uniform, real-time price benchmark for each piece of equipment. As a result of the alleged conspiracy by the rental company defendants to align pricing, plaintiffs allege that they paid supra-competitive prices for rental equipment. All actions propose putative nationwide classes of those who rented construction equipment from the rental company defendants. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of Illinois is an appropriate transferee district for this litigation. Nine of the nineteen actions and potential tag-along actions are pending in this district, which has broad support from defendants and some plaintiffs. Rouse defendant RB Global, Inc., is headquartered in this district. Most of the cases in this district have been consolidated before Judge Sara L. Ellis, an experienced transferee judge with the willingness and capacity to take on this litigation.

Moving Northern District of Illinois plaintiff requests the Panel rename the litigation *In re: Construction Equipment Antitrust Litigation* without further explanation. At oral argument, plaintiff's counsel did not articulate why such a change was needed. We see no need to change this litigation's caption to remove its current focus on "rental equipment" and we deny this request.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Sara L. Ellis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton             Matthew F. Kennelly
Roger T. Benitez                Dale A. Kimball
Madeline Cox Arleo

IN RE: CONSTRUCTION EQUIPMENT RENTAL
ANTITRUST LITIGATION  MDL No. 3152

## SCHEDULE A

Central District of California

1:25-cv-10276  IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION,
C.A. No. 2:25−03565
1:25-cv-10277  HAXTON MASONRY, INC. v. RB GLOBAL, INC., ET AL., C.A. No. 2:25−03902

Southern District of Iowa

1:25-cv-10278  SIGNS v. ROUSE SERVICES LLC, ET AL., C.A. No. 4:25−00158

Northern District of Illinois

IN RE: CONSTRUCTION EQUIPMENT ANTITRUST LITIGATION,
C.A. No. 1:25−03487
IMMEDIATE APPLIANCE SERVICE, INC. v. RB GLOBAL, INC., ET AL.,
C.A. No. 1:25−04139
KRIS SWANSON CONSTRUCTION LLC v. RB GLOBAL, INC., ET AL.,
C.A. No. 1:25−04236
IPCS CORP v. RB GLOBAL, INC., ET AL., C.A. No. 1:25−04825
IZQ CONSTRUCTION LLC v. RB GLOBAL, INC., ET AL., C.A. No. 1:25−04872